# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| MICHELLE SELDERS,<br><br>        Plaintiff,<br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>        Defendant. | Case No. 3:25-cv-00038<br><br>**Removed from the District Court of Mecklenburg County North Carolina Case No. 24CV057698-590** |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendant JPMorgan Chase Bank, N.A. ("JPMorgan"), by and through its undersigned counsel, hereby removes this action from the District Court for Mecklenburg County, North Carolina, in which court the case is currently pending, to the United States District Court for the Western District of North Carolina. In support thereof, JPMorgan states as follows:

### I.    Background

1. JPMorgan exercises its rights under the provisions of 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446 to remove this case from the District Court for Mecklenburg County, North Carolina. The case is now pending under the name and style of *Selders v. JPMorgan Chase Bank, N.A.*, Mecklenburg County District Court, Case No. 24CV057698-590.

2. 28 U.S.C. § 1441(a) provides as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending.

3. This civil action was instituted in North Carolina state district court and has not been tried. Plaintiff Michelle Selders filed her Complaint on December 10, 2024, naming JPMorgan as the defendant.

4. Pursuant to 28 U.S.C. §1446(a), JPMorgan has attached hereto as **Exhibit A**, copies of all process, pleadings and orders served upon JPMorgan to date.

## II. The Notice of Removal is Timely and Properly Filed.

5. JPMorgan received a copy of the Complaint on December 20, 2024. The filed Complaint was the initial pleading received by JPMorgan, and JPMorgan is filing this Notice of Removal within 30 days of receipt of this initial pleading. Therefore, the Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

## III. Subject Matter Jurisdiction.

6. This Court has subject matter jurisdiction over the claims at issue in this case pursuant to 28 U.S.C. §§ 1331 and 1367. Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over Plaintiff's claim that JPMorgan violated the Truth in Lending Act, 15 U.S.C. § 1643, in Paragraphs 26-28 of the Complaint.

7. This Court has jurisdiction over Plaintiff's remaining causes of action pursuant to 28 U.S.C. § 1367 because they form part of the same case and controversy as Plaintiff's claim that JPMorgan violated the Truth in Lending Act over which the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

8. This Court also has subject matter jurisdiction over the claims at issue in this case pursuant to 28 U.S.C. § 1332(a)(1), which provides as follows: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--citizens of different States."

9. The matter in controversy in this case exceeds the sum of $75,000. Selders alleges that she has suffered actual, direct monetary damages in this case in the amount of $16,326.46. Complaint, ¶ 7. In addition, Selders purports to bring a claim pursuant to the unfair and deceptive trade practices act, N.C. GEN. STAT. § 75-1, *et seq.* If successful on this claim, Selders would be entitled to recover treble her compensatory damages pursuant to N.C. GEN. STAT. § 75-16 and her reasonable attorneys' fees pursuant to N.C. GEN. STAT. § 75-16.1. Thus, at a minimum, Selders seeks to recover, at a minimum, three times her actual direct damages in an amount equal to $48,979.48 plus her reasonable attorneys' fees. Therefore, the amount in controversy in this case exceeds the sum of $75,000. *See Wells Fargo Equipment Finance, Inc. v. Ness Masonry, Inc.*, 2015 WL 6830651 *3 (E.D.N.C. Nov. 6, 2015) (attorneys' fees must be included in the amount in controversy if they are potentially allowed by contract or statute); *AM-Rail Construction, Inc. v. A&K Railroad Materials, Inc.*, 2017 WL 414382 *3 (M.D.N.C. Jan. 31, 2017) (treble damages can be used to meet the amount in controversy threshold for federal diversity jurisdiction).

10. For federal diversity jurisdiction purposes, Plaintiff is a citizen and resident of the State of North Carolina.

11. JPMorgan is a national banking association with its main office as designated within its articles of association in Columbus, Ohio. For diversity jurisdiction purposes, a national bank is a citizen of the state in which its main office is located. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006); 28 U.S.C. § 1332. Accordingly, for diversity purposes, Chase is a citizen of Ohio.

12. Because there is complete diversity of citizenship (North Carolina vs. Ohio) and because the amount in controversy in this matter exceeds $75,000, this Court has diversity jurisdiction over this case.

## IV. Procedural Compliance

13. Pursuant to 28 U.S.C. § 1441 *et seq.*, the right exists to remove this case from the District Court for Mecklenburg County, in which court the case is currently pending, to the United States District Court for the Western District of North Carolina.

14. The United States District Court for the Western District of North Carolina embraces Mecklenburg County, North Carolina, in which the action is now pending and, thus, this Court is a proper venue for this action pursuant to 28 U.S.C. § 113. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1441(a).

15. Pursuant to 28 U.S.C. § 1446(d), JPMorgan shall give Plaintiff written notice of the filing of this Notice of Removal, and JPMorgan shall file the written notice of the filing of this Notice of Removal with the District Court for Mecklenburg County, attaching thereto a copy of this Notice of Removal, and the documents attached to this Notice of Removal. An executed copy of the Notice of Filing of Notice of Removal is attached hereto as ***Exhibit B***.

16. Pursuant to 28 U.S.C. § 1446(b)(2)(A), JPMorgan is the only defendant in this case and does not need to seek the consent of any other defendant to remove this case to federal district court. JPMorgan does not waive any defense to this case, including, but not limited to the defense of insufficient process or improper service of process. Instead, JPMorgan specifically reserves all of its respective defenses to Plaintiff's claims.

17. In filing this Notice of Removal, JPMorgan does not admit the allegations set forth in the Complaint, does not concede that the Plaintiff has stated a claim for which relief may

be granted, and denies that Plaintiff has been damaged in any manner by any act or omission of JPMorgan.

## V. Conclusion

WHEREFORE, Defendant JPMorgan Chase Bank, N.A. respectfully requests that the above-captioned action now pending in the District Court for Mecklenburg County, North Carolina be removed to the United States District Court for the Western District of North Carolina, and that the United States District Court for the Western District of North Carolina assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice. If any questions arise as to the proprietary of the removal of this action, JPMorgan requests the opportunity to present a brief and argument in support of its position that this case is removable.

This the 17th day of January, 2025.

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ B. Chad Ewing*
B. Chad Ewing (N.C. State Bar No. 27811)
301 South College Street, Suite 3500
Charlotte, North Carolina 28202-6037
Telephone: (704) 331-4996
Facsimile: (704) 338-7854
E-Mail: chad.ewing@wbd-us.com

***Attorneys for Defendant JPMorgan Chase Bank, N.A.***

## CERTIFICATE OF SERVICE

      I hereby certify that on January 17, 2025, the foregoing **NOTICE OF REMOVAL** was filed with the Clerk of Court using the CM/ECF system, and a true and correct copy was sent via first class mail, postage prepaid to the following:

    Steffany C. Kamenga
    Nicholas White
    King Law Offices, P.C.
    19924 Jetton Road, Suite 101
    Cornelius, NC 28031
    *Attorneys for Plaintiff*

                                          */s/ B. Chad Ewing*
                                          B. Chad Ewing